JAP:HLJ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

CHARLES BENNETT,

          Defendants.

- - - - - - - - - - - - - - - -X

**M 12- 058**

TO BE FILED UNDER SEAL

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(T. 18, U.S.C.
§§ 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

      DAVID JOEL, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), duly appointed according to law and acting as such.

      Upon information and belief, on or about January 13, 2012, within the Eastern District of New York, the defendant CHARLES BENNETT, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a .45 caliber Colt MK4 semi-automatic pistol.

      (Title 18, United States Code, Section 922(g)(1)).

      The source of your deponent's information and the grounds for his belief are as follows[1]:

---

[1]/Because this affidavit is being submitted for the limited purpose of establishing probably cause to arrest CHARLES BENNETT as described in greater detail below, I have not set forth every fact learned during the course of this investigation.

1.   I am currently a Detective with NYPD, with whom I have been employed for approximately ten years.  My information in this case comes from reviews of NYPD records, conversations with NYPD officers, and other official records of government agencies.

2.   On or about January 13, 2012, at approximately 8:10 p.m., NYPD Officer Lauren Shephard and NYPD Sergeant ("Sgt.") Thomas Smith of Police Service Area ("PSA") 1 were conducting a vertical patrol at 572 Warren Street, in Brooklyn, New York.  While inspecting the fifth floor, Officer Shephard and Sgt. Smith observed the defendant while holding cash exit the elevator and approach apartment 5N.  The defendant knocked on the door to apartment 5N but no one answered.  Sgt. Smith and Officer Shephard then observed the defendant place an object on the floor of the door jam of apartment 5M, which was perpendicular to apartment 5N.  The defendant then walked towards the elevators where he was stopped by Sgt. Smith and Officer Shephard.  When asked for identification, the defendant first claimed he did not have any and then provided his wallet and an identification card stating his name.  When asked about the reason for his presence in the building, the defendant stated that he was there to visit someone in apartment 5O.  Sgt. Smith then approached apartment 5O, which was across from apartment 5M, and knocked on the door.

2

The individual who answered stated that he did not know the defendant.  Sgt. Smith then noticed a firearm on the floor of the door jam of apartment 5M.  When Sgt. Smith retrieved the firearm, a .45 caliber Colt MK4 semi-automatic pistol, the defendant pushed Officer Shephard and fled via a stairwell.  After a pursuit in which the defendant fell, he was apprehended and placed under arrest.  The defendant was transported to the 78th Precinct Station House where he was met by an ambulance.  The defendant was then taken to a hospital where he was treated and released the same evening.

3.  At approximately 11:50 p.m. the same evening, the defendant was transported back to the PSA 1 Station House.  At approximately 2:15 a.m., January 14, 2012, the defendant was read his Miranda warnings, which he waived in writing.  The defendant then stated in sum and substance that an acquaintance gave him the gun and asked him to fix it approximately one month prior.  The defendant further stated in sum and substance that when he saw the NYPD officers he put the gun on the ground because he did not want to get arrested with it.

4.  I have reviewed criminal history records for the defendant, which reveal that the defendant has been convicted of at least the following crime: on March 1, 1989, the defendant was convicted in Kings County Supreme Court of Murder in the Second

Degree, a Class A felony, and sentenced to 90 months' to 15 years incarceration.

5.    I have spoken with an ATF interstate nexus expert, who informs me that the above-mentioned .45 caliber Colt MK4 semi-automatic pistol was manufactured outside the State of New York.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant CHARLES BENNETT, so that he may be dealt with according to law.

David Joel
Detective
New York City Police Department

Sworn to before me this
18th day of January, 2012

THE HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE
EASTERN/DISTRICT OF NEW YORK

4